1  **Michael J. Petitti, Jr. – 011667**
2  **Sarah N. O'Keefe – 030131**
   **SHIELDS PETITTI & ZOLDAN, PLC**
3  **5090 N. 40th Street, Suite 207**
   **Phoenix, Arizona 85018**
4  **Telephone: (602) 718-3330**
5  **Facsimile: (602) 675-2356**
   **E-Mail:  mjp@shieldspetitti.com**
6  **E-Mail:  sno@shieldspetitti.com**
   **E-Mail:  docket@shieldspetitti.com**
7
8  Attorneys for Plaintiff

9              **IN THE UNITED STATES DISTRICT COURT**

10                 **FOR THE DISTRICT OF ARIZONA**

11

12  Chloe McQueen,                              No.

13                    Plaintiff,
                                                **COMPLAINT**
14          v.

15  University of North Dakota dba UND
16  Aerospace Foundation; UND Aerospace
    Foundation,
17
18                    Defendants.

19

20          Plaintiff Chloe McQueen ("Plaintiff") for her cause of action against Defendants

21  University of North Dakota ("Defendant UND") and UND Aerospace Foundation

22  ("Defendant UNDAF") (collectively "Defendants") alleges as follows:

23                        **GENERAL ALLEGATIONS**

24                        **(Parties and Jurisdiction)**

25          1.    Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa

26  County during all relevant times.

27          2.    Defendant University of North Dakota is an educational institution doing business

28  in Arizona as UND Aerospace Foundation.

1398555.1

3. Defendant UNDAF is a non-profit corporation that develops alternative revenue sources for Defendant UND and has and continues to operate in Arizona.

4. Defendants are operated in an integrated fashion as a single enterprise.

5. Defendants have committed actions and caused events to occur in Maricopa County, Arizona and within this judicial district which are the foundation of this action and out of which this action arises. Accordingly, jurisdiction and venue are proper in this Court pursuant to *28 U.S.C. § 1331* and *28 U.S.C. § 1391*.

**(Nature of Action)**

6. This is an action brought by Plaintiff to vindicate violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

**(Jury Demand)**

7. Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Plaintiff was hired by Defendants on approximately May 1, 2023 as a Flight Instructor and later promoted to Stage Pilot. At all times, she performed with competence and distinction and to Defendants' benefit.

9. On August 15, 2023, Plaintiff filed an internal complaint with Defendants' Human Resources department because a male colleague was making derogatory comments about the abilities of female pilots and Chinese students. Plaintiff was reluctant to report this conduct because she feared retaliation. But, Defendants' Chief Pilot and Director, Katrina Kugler, required her to do so.

10. Unfortunately, as she feared, Plaintiff suffered swift retaliation by the male employee and others. Defendants' management, despite requiring her to file the complaint and being aware of the conduct, took no action to correct the retaliation.

11. During her employment, Plaintiff also experienced different treatment than similarly situated male employees in the terms and conditions of her employment, including advancement opportunities, discipline, and termination. For example, Plaintiff was

2

1398555.1

disciplined for working over 40 hours, even though Defendants admitted she and others had not been provided appropriate training about calculating their hours. Yet, two (2) other male employees also went into overtime and although disciplined, were not punished as severely.

12.    On April 5, 2024, Plaintiff again engaged in protected activity when she reported to an Assistant Chief, Troy Running, that one of her female students had complained that she was being sexually harassed by a male instructor.

13.    Then, merely seventeen (17) days after reporting this sexual harassment, Plaintiff was terminated for her alleged misconduct towards other employees, despite never being informed of any complaints against her.

14.    Defendants' reasons for Plaintiff's discharge were a pretext to wrongfully terminate her because of her sex and in retaliation for engaging in protected activity when she reported Title VII violations to Defendants.

15.    Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on June 1, 2024. The EEOC issued its notice of right to sue thereafter. (Exhibit 1).

16.    Defendants willfully, knowingly and intentionally discriminated against Plaintiff because of her sex and in retaliation for reporting to Defendant that it was violating federal discrimination laws.

17.    Plaintiff is damaged by the wrongful acts of Defendants and their agents as herein alleged, which damage includes, without limitation, the following:

        a.    Lost salary and employment benefits due Plaintiff from the time of her discharge until she should obtain employment at a similar rate of compensation;

        b.    Injury to Plaintiff's long-term employment, reputation and income potential flowing from wrongful conduct by Defendants; and

        c.    Injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

18.    The willful and wanton misconduct on the part of Defendants is such that it

3

1398555.1

justifies an award of punitive damages.

19.   All prerequisites to Plaintiff filing suit have been met.

20.   All allegations of this Complaint are incorporated into each Claim for Relief.

## FIRST CLAIM FOR RELIEF

### (Disparate Treatment In Violation of Title VII)

21.   Plaintiff is a member of a protected class (female). The acts and conduct of Defendants, as alleged above, were in violation of Title VII. Defendants intentionally discriminated against Plaintiff based on her gender. Similarly situated male employees were treated more favorably than Plaintiff in the terms and conditions of their employment.

22.   Plaintiff timely filed a Charge of sex discrimination and retaliation. The EEOC issued its notice of right to sue thereafter. (Exhibit 1).

23.   Plaintiff is damaged by Defendants' violations of Title VII as hereinabove alleged or as proven at trial.

## SECOND CLAIM FOR RELIEF

### (Retaliation in Violation of Title VII)

24.   Defendants intentionally, knowingly and maliciously, or in the alternative, in reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff after she reported her good faith concerns of sexual and race discrimination and harassment by certain Defendant employees.

25.   As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged as alleged herein or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violated Title VII and enjoining Defendants from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as proven at trial;

4

1398555.1

C. For punitive damages;

D. For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII and any other applicable statute, rule or regulation;

E. For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date such damage, cost or attorneys' fees was incurred until paid; and

F. For such other and further relief as the Court deems just and proper.

DATED this 26th day of November, 2024.

SHIELDS PETITTI & ZOLDAN, PLC

By /s/ Michael J. Petitti, Jr.
   Michael J. Petitti, Jr.
   Sarah N. O'Keefe
   5090 N. 40th Street, Suite 207
   Phoenix, Arizona 85018
   Attorneys for Plaintiff

5

1398555.1

# EXHIBIT 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/28/2024

**To:** Chloe G. McQueen
62 W. Secretariat Dr.
TEMPE, AZ 85284
Charge No: 540-2024-00702

EEOC Representative and email:    JEREMY YUBETA
Jeremy Yubeta
jeremy.yubeta@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 540-2024-00702.

On behalf of the Commission,

Melinda Caraballo
District Director

**Cc:**
Deon Franklin
CHDB Law LLP
1400 E SOUTHERN AVE STE 400
Tempe, AZ 85282

Director Human Resources
UND Aerospace Foundation
5865 S Sossaman Rd
MESA, AZ 85212

Kate Merolo
CHDB Law LLP
1400 E SOUTHERN AVE STE 400
Tempe, AZ 85282

Vanessa Tokosch
CHDB Law LLP
1400 E SOUTHERN AVE STE 400
Tempe, AZ 85282

Michael Petitti, Jr. Esq.
Shields Petitti and Zoldan, PLC
5090 N. 40th St., Ste. 207
Phoenix, AZ 85018

Please retain this notice for your records.