| | |
|---|---|
| 1 | **KATE J. MEROLO – SBN 027333** |
| 2 | Special Assistant Attorney General<br>1400 East Southern Avenue, Suite 400 |
| 3 | Tempe, Arizona 85282-5691<br>P. 480-427-2800; F. 480-427-2801 |
| 4 | minuteentries@CHDBLaw.com<br>Kate.Merolo@chdblaw.com |
| 5 | *Attorney for Defendant University of North Dakota* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chloe McQueen, | Case No. 24-cv-03368-MTL |
| Plaintiff, | **DEFENDANT UNIVERSITY OF NORTH DAKOTA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| University of North Dakota dba UND Aerospace Foundation; UND Aerospace Foundation, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and LRCiv. 12.1(c), Defendant University of North Dakota ("UND") hereby moves to dismiss the claims asserted against it by Plaintiff Chloe McQueen ("Plaintiff") in Plaintiff's First Amended Complaint ("FAC"). For the reasons discussed more in detail below, UND respectfully requests that this Court dismiss the FAC against UND in its entirety and with prejudice. The FAC fails to state a claim against UND for which relief can be granted. Plaintiff failed to exhaust her administrative remedies and other prerequisites necessary to file a lawsuit as to UND. Any amendment to the FAC would be futile. This Motion is supported by the accompanying Memorandum of Points and Authorities and the pleadings and matters of record filed with the Court in the instant case, all of which are incorporated by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff alleges that UND and UND Aerospace Foundation ("UNDAF") violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII") by discriminating against her based on her gender and by retaliating against her for engaging in a protected activity under Title VII. Plaintiff's alleged claims arise from her employment with UNDAF. In the FAC, Plaintiff alleges that UND "is an educational institution doing business in Arizona as UND Aerospace Foundation." FAC at ¶ 2. More specifically, Plaintiff claims that UND and UNDAF operate in an integrated fashion either by way of an agency relationship, single enterprise, or as joint employers. *See* FAC at ¶ 5.

Contrary to the allegations set forth in the FAC, UND did not and does not have any control over UNDAF neither by way of an agency relationship, single enterprise, or as joint employers. Plaintiff mistakenly alleges that UND and UNDAF share the same payroll and human resources departments. *See generally* FAC at ¶ 10-17. In reality, UND and UNDAF are separate entities each with their own distinct payroll and human resources departments. UNDAF is a private nonprofit corporation operating and doing business in the state of Arizona. UND is a governmental entity that does not manage, administer, operate nor otherwise control or employ UNDAF.

At no time, was Plaintiff employed by nor was her employment with UNDAF controlled or sourced by UND.

### II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

"[T]o be entitled to the presumption of truth, the allegations in the complaint . . . may not simply recite the elements of a cause of action, but contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court is not "required to accept as true allegations that are merely conclusory, unwarranted by deduction of fact, or unreasonable inferences." *Sprewell v. Golden Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Further, to comply with Rule 8, a complaint must "connect the facts asserted with the specific causes of action and specific defendant listed." *Donahoe v. Arpaio*, (consolidated), 2011 WL 5119008, at *4 (D. Ariz. October 28, 2011). A complaint that simply "contain[s] long narratives alleging a multitude of wrongdoings" and "then merely list[s] the causes of action without specifying which particular facts support each claim" violates Rule 8. "Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit." *Ricketts v. Holland*, 2016 WL 6155926, at *2 (C.D. Cal. Oct. 21, 2016).

### III. LEGAL ARGUMENT

#### a. Plaintiff Failed to File an EEOC Charge Against UND

Plaintiff failed to exhaust administrative remedies prior to filing the FAC against UND. Plaintiffs seeking to bring claims against their employers under Title VII shall first exhaust their administrative remedies, including, but not limited to, filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *See generally Ramirez v. Kingman Hospital Inc.*, 374 F.Supp.3d 832 (2019). Failure to exhaust administrative remedies may bar a Title VII claim. *Id*. Under the Arizona Civil Rights Act, an employee must file a charge with the Arizona Civil Rights Division or the Equal Employment Opportunity Commission (EEOC) within 180 days (300, if dual-filed) of the alleged unlawful employment practice. *Cox v. Global Tool Supply LLC*, 629 F.Supp.3d 963, 970 (2022) *citing* Ariz. Rev. Stat. § 41-1481(A).

Typically, Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding. *Lorona v. Arizona Summit Law School, LLC*, 151 F.Supp.3d 978, 987 (2015) *quoting Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir.1990).

Furthermore, in the case of *Stephens v. Board of Regents of University of Minnesota*, the court emphasized that an employee must exhaust the university's internal grievance process before seeking judicial review. *Stephens v. Board of Regents of University of Minnesota*, 614 N.W.2d 764 (2000). This principle is rooted in the deference owed to the university's constitutional authority and the need for judicial efficiency. *Id*.

Similarly, in *Lopez v. Texas State University*, the court held that the employee had exhausted her administrative remedies for certain claims but failed to do so for others, including filing an EEOC charge *Lopez v. Texas State University*, 368 S.W.3d 695 (2012). This indicates that specific claims must be clearly identified and pursued through the appropriate administrative channels. *Id*.

In the present case, Plaintiff did not exhaust her administrative remedies as to UND. While Plaintiff did file an EEOC charge against UNDAF, the charge did not name UND as a respondent. Under Title VII of the Civil Rights Act of 1964, a plaintiff must first file a charge with the EEOC and receive a right-to-sue letter before initiating a lawsuit in federal court. This requirement is not merely procedural but jurisdictional. Plaintiff failed to file an EEOC charge against UND, Plaintiff's failure to exhaust her administrative remedies warrants the dismissal of the FAC as to UND. Therefore, the Court must dismiss UND from this lawsuit for lack of jurisdiction.

### b. Plaintiff Failed to Serve Notice of Claim on UND Prior to FAC

Regardless of whether North Dakota or Arizona law is applied, this Court lacks subject matter jurisdiction relative to Plaintiff's claims against UND because she failed to strictly comply with the Notice of Claim statutes.

### i. North Dakota

Plaintiff failed to serve UND with a Notice of Claim prior to filing the FAC against UND. Plaintiffs seeking to bring a lawsuit against the state shall first comply with the statutory requirements for doing so. More specifically, N.D.C.C. § 32-12.2-04(1) provides:

> A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded.

"The statute encourages prompt investigation while evidence is still fresh . . . quick and fair settlement of meritorious claims; and preparation of fiscal planning to meet possible liability." *Cooke v. University of North Dakota*, 603 N.W.2d 504, 505 ¶ 7 (ND 1999), *citing Besette v. Enderlin Sch. Dist. No. 22,* 288 N.W.2d 67, 71 (N.D.1980) (describing the interests furthered by notice of claim statutes). Indeed, "[a] court lacks subject matter jurisdiction to entertain a lawsuit in the absence of a timely filing of a notice of a claim against the state . . . " *Moen v. State*, 656 N.W.2d 671, 673 ¶ 5, (ND 2003), rehearing denied, *citing Ghorbanni v. N.D. Council on the Arts*, 639 N.W.2d 507., 509 ¶ 8 (ND 2002); *see also Cooke* at 506 ¶ 9. Furthermore, Plaintiff may be required to both exhaust administrative remedies and comply with the Notice of Claim statute. *Cooke* at 507 ¶ 14.

Here, Plaintiff failed to serve a notice of claim upon UND, a state entity. Moreover, Plaintiff filed the FAC without first complying with the statutory requirement set forth in N.D.C.C. § 32-12.2-04(1). The one hundred eighty (180) day period from the date the cause of

action accrued has expired; therefore, any leave to amend the FAC would be futile as compliance with the statute is impossible. UND had no notice that it could possibly be named as a defendant in Plaintiff's lawsuit.  This failure to comply with the statutory mandate is fatal to the plaintiff's claims against UND.  Therefore, UND respectfully requests that this Court grant its motion to dismiss the claims against it in their entirety with prejudice.

### ii. Arizona

Likewise, under Arizona law a plaintiff seeking to bring a lawsuit against a public entity shall first comply with the statutory requirement to file a notice of within 180 days after the cause of action accrues. *See* A.R.S. § 12-821.01(A). The notice must contain facts sufficient to permit the public entity or employee to understand the basis of the claim, a specific amount for which the claim can be settled, and the facts supporting that amount. *Id*. "Any claim that is not filed within one hundred eighty days after the cause of action accrues ***is barred and no action may be maintained thereon***." *Id*. (***Emphasis added***). Serving a notice of claim is required regardless of whether the public entity has knowledge of the claim. *See Swenson v. Cnty. of Pinal*, 402 P.3d 1007, 1012 (Ct. App. 2017).

The purpose of A.R.S. § 12-821.01(A) is to provide the public entity with an opportunity to investigate and assess the claim in an effort to find a resolution prior to litigating the matter. *Havasupai Tribe of Havasupai Rsrv. v. Arizona Bd. of Regents*, 204 P.3d 1063, 1072 (Ct. App. 2008) *citing Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 492 (2007).  Courts have consistently held that strict compliance with the notice of claim statute is mandatory, and actual notice or substantial compliance does not excuse failure to meet the statutory requirements. *Havasupai Tribe of Havasupai Rsrv.*, 204 P.3d at 1072 *citing Falcon v. Maricopa County*, 144 P.3d 1254, 1256 (2006).

In *Havasupai Tribe of Havasupai Rsrv.*, the court emphasized that by failing to properly serve a notice of claim, the claim is barred. *Id*. Similarly, in *Swenson*, the court held that a claim

is barred if a notice of claim is not properly filed within the statutory time limit, regardless of the public entity's actual knowledge of the claim. *See Swenson*, 402 P.3d at 1012-13.

In the present case, Plaintiff failed to serve a notice of claim upon UND, a public entity. Moreover, Plaintiff filed the FAC without first complying with the statutory requirement set forth in A.R.S. § 12-821.01(A). The one hundred eighty (180) day period that ran from the date the cause of action accrued has expired; therefore, any leave to amend the FAC would be futile as Plaintiff can no longer comply with the statute. This failure to comply with the statutory mandate is fatal to the plaintiff's claims against UND.

Given Plaintiff's failure to adhere to the strict requirements of A.R.S. § 12-821.01, as consistently upheld by Arizona courts, the claims against UND must be dismissed. The statutory requirement for a timely notice of claim is clear and unequivocal, and Plaintiff's non-compliance precludes any further proceedings against UND. Therefore, UND respectfully requests that this Court grant its motion to dismiss the claims against it in their entirety with prejudice.

### c. Plaintiff Failed to State a Claim Against UND

In the FAC, Plaintiff has also failed to state a claim against UND. Plaintiff mistakenly alleges that UND and UNDAF operate together by way of either an agency relationship, single enterprise, or as joint employers. The Ninth Circuit has joined the Third Circuit in adopting a common-law agency test to establish joint employment under Title VII. The court in *Global Horizons* recognized that the "principal guidepost" is the element of control. *EEOC v. Global Horizons, Inc.*, 915 F.3d 631, 638 (9th Cir. 2019). The Supreme Court of the United States set forth which factors shall be considered to determine whether the requisite control exists. *See Id; citing Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323 (1992). These factors include, but are not limited to, the skill required, the source of instrumentalities and tools, the location of the work, the duration of the relationship between the parties, whether the hiring party has the right to assign additional projects, the extent of the hired party's discretion over when and how long

to work, the method of payment, the hired party's role in hiring and paying assistants, whether the work is part of the hiring party's regular business, whether the hiring party is in business, the provision of employee benefits, and the tax treatment of the hired party. *Id*.

In *Global Horizons*, the Ninth Circuit emphasized that the power to control the manner in which essential terms and conditions of employment are provided, even if never exercised, is sufficient to establish joint employer status. *Global Horizons, Inc.*, 915 F.3d at 641. However, even if a court finds that two defendants are considered joint employers, a joint employer is not automatically liable for the actions of another joint employer. *Id* at 641. The joint employer defendant is only liable for the other employer's discriminatory conduct if the joint employer knew or should have known about the other's conduct and failed to take prompt corrective actions within its control. *Id*. As established in subsection b, <u>supra</u>., UND did not receive notice of Plaintiff's claims.

In the present case, Plaintiff alleges that UND and UNDAF either have an agency relationship, single enterprise, or are joint employers with respect to her employment with UNDAF. As set forth above, contrary to Plaintiff's allegations, UND and UNDAF are separate entities each with their own distinct payroll and human resources departments. UNDAF is a private nonprofit corporation operating and doing business in the state of Arizona. UND is a governmental entity that does not manage, administer, operate nor otherwise control or employ UNDAF or UNDAF's employees. UND and UNDAF cannot be considered joint employers under any interpretation of the *Darden* test set forth above, or any other test. Plaintiff was never employed by UND nor did UND ever exert any control over Plaintiff. The mere existence of a similar name does not suffice to establish the necessary relationship under the common-law agency test.

Even if the Court finds that the Defendants are joint employers, which UND does not concede, the court in *Global Horizons* recognized that a joint employer is not automatically liable

for the actions of another joint employer. UND could only be found liable for UNDAF's alleged discriminatory conduct if UND knew or should have known about UNDAF's conduct and failed to take prompt corrective actions within its control, which is not the case here.

Plaintiff's claims against UND should be dismissed as there is no relationship between UND and UNDAF that would give Plaintiff a cause of action against UND in this matter. Therefore, UND respectfully requests that this Court grant its motion to dismiss the claims against it in their entirety and with prejudice.

### IV.   CONCLUSION

Plaintiff failed to exhaust her administrative remedies and failed comply with statutory requirements concerning notice of claim prerequisites, which are fatal to Plaintiff's claims against UND as this Court does not have subject matter jurisdiction.  Thus, UND respectfully requests that this Court grant its Motion to Dismiss with prejudice and without leave to amend as the FAC's deficiencies as to UND cannot be cured. UND further requests the Court award its fees and costs incurred in bringing this Motion.

### V.   CERTIFICATION

Pursuant to LRCiv. 12.1(c), UND's counsel hereby certifies that, before filing this Motion, she notified Plaintiff of the issues asserted herein and the parties were unable to agree that the pleading was curable in any part by a permissible amendment.  UND's counsel further certifies that the parties conferred through telephonic and written means concerning the issues asserted herein.

RESPECTFULLY SUBMITTED this 21st day of April, 2025.

By:   /s/ *Kate J. Merolo*
Kate J. Merolo, Esq.
Special Assistant Attorney General
1400 East Southern Avenue, Suite 400
Tempe, Arizona 85282-5691
*Attorney for Defendant University of North Dakota*

9

1  **ORIGINAL** of the foregoing e-filed this 21st day of April, 2025.

2

3  District Court for the District of Arizona
via ecf.azd.uscourts.gov

4  **COPY** of the foregoing mailed/e-mailed this 21st day of April, 2025, to:

5

6  Michael J. Petitti, Jr.
Sarah N. O'Keefe
SHIELDS PETITTI & ZOLDAN, PLC

7  5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018

8  MJP@shieldspetitti.com
SNO@shieldspetitti.com

9  docket@shieldspetitti.com
*Attorneys for Plaintiff*

10

11  By: /s/ *Vanessa Tokosch*