**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chloe McQueen, | No. CV-24-03368-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| University of North Dakota, et al., | |
| Defendants. | |

The Court has considered the University of North Dakota's (the "University") Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 15)

**I.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotations and citation omitted). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility is more than mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**II.**

The University argues that Plaintiff failed to exhaust her administrative remedies because her Equal Employment Opportunity Commission ("EEOC") Complaint only identified UND Aerospace Foundation, the non-moving co-defendant. It also argues that Plaintiff failed to sufficiently plead that the University and UND Aerospace Foundation are agents or joint employers.

When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The Amended Complaint alleges that the University and UND Aerospace Foundation "operated in an integrated fashion as agents for one another, as a single enterprise, or as joint employers." (Doc. 6 ¶ 5) It further alleges many related facts, such as each defendant's website links to the other's, the same payroll department services both defendants' operations, and a human resources employee from the University was present for the virtual meeting when Plaintiff was terminated. (*Id*. ¶¶ 6-20).

The University correctly identifies the general rule that a plaintiff "may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Lorona v. Ariz. Summit Law School, LLC*, 151 F. Supp 3d 978, 987 (D. Ariz. 2015). But, as this Court and the Ninth Circuit Court of Appeals have acknowledged, "there are exceptions to this rule." *Id*. "[A] plaintiff may sue a party that is 'a principal or agent' of, or 'substantially identical' to, the party named in the EEOC charge." *Id* (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990)).

The Court finds, for the purposes of the motion to dismiss, that Plaintiff has plausibly alleged the defendants were agents or joint employers. The University's first two arguments necessarily fail.

Finally, the University argues that Plaintiff did not satisfy notice of claim requirements under Arizona and North Dakota state law. This argument fails. The Amended Complaint asserts federal causes of action only. A plaintiff's failure to comply

with a state notice-of-claim statute does not preclude a cause of action against a state entity under federal law. *See e.g.*, *Felder v. Casey*, 487 U.S. 131 (1988) (holding that the state notice-of-claim statute was preempted for federal civil rights claims asserted under 42 U.S.C. § 1983); *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1270 (9th Cir. 2022) ("In *Felder*, the Court held that a similar notice-of-claim statute under Wisconsin law does not apply to federal civil-rights claims."). Plaintiff was not under any obligation to file a notice of claim before she initiated litigation.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 15) is **denied**.

Dated this 3rd day of June, 2025.

Michael T. Liburdi
United States District Judge